UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KISSNER,

    Petitioner,                                       Civil Action. No. 10-cv-14759

v.

                                                        HONORABLE MARK A. GOLDSMITH

MARY BERGHUIS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION (DKT. 12) WITHOUT PREJUDICE  AND DIRECTING PETITIONER TO NOTIFY THE COURT IF HE WISHES TO WITHDRAW PETITION TO PURSUE HIS UNEXHAUSTED CLAIMS IN STATE COURT**

Donald Kissner, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his conviction and sentence for second degree arson, Mich. Comp. Laws § 750.73; and being a third felony habitual offender, Mich. Comp. Laws § 769.11.  Petitioner has now filed a motion to amend his habeas petition to include a claim that trial counsel was ineffective for failing to challenge the pre-arrest delay in this case. Petitioner also seeks to add a claim that he has newly discovered evidence that a Michigan State Trooper who was assigned to the Michigan state police post that Petitioner was convicted of burning was involved in a drug conspiracy ring that may have involved other troopers at the post. Petitioner alleges that one of the troopers from this drug conspiracy ring may be the person responsible for setting fire to the Michigan State Police Post.  Petitioner argues that he only recently discovered the factual basis for these claims.  There is no indication from any of the pleadings previously filed in this case that either of these claims have been exhausted with the

Michigan courts. For the reasons that follow, the motion to amend the petition for writ of habeas corpus is denied without prejudice.

The Court denies the motion to amend the petition for writ of habeas corpus because Petitioner seeks to add claims which have not been exhausted with the state courts. An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15(a) of the Federal Rules of Civil Procedure provides that where, as here, a responsive pleading has been filed a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)-(c). See Picard v. Connor, 404 U. S. 270, 278 (1971) ("We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts."). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. Wagner v. Smith, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. Id. A "strong presumption" exists that all available state remedies must be exhausted before a petitioner files a petition for writ of habeas corpus. Granberry v. Greer, 481 U.S. 129, 131 (1987). In addition, federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. Wagner, 581 F. 3d at 415.

The Sixth Circuit has stated that when a habeas petitioner has filed a motion to amend a habeas petition to include unexhausted claims, as appears to be the case here, "the optimal course of action" is for the district court to deny the motion to amend and to provide the habeas

petitioner with the option of either proceeding with the exhausted claims or withdrawing the petition and pursuing the unexhausted claims in state court. Rockwell v. Yukins, 217 F. 3d 421, 424 (6th Cir. 2000).

Therefore, the Court denies the motion to amend the habeas petition without prejudice. The Court also orders Petitioner to notify this Court, within thirty days of this order, whether he wishes to withdraw his petition in order to exhaust his new claims with the state courts. If Petitioner informs this Court that he wishes to pursue his unexhausted claims in the state courts, the Court will then decide whether to dismiss the petition without prejudice or stay further proceedings and hold the petition in abeyance pending the exhaustion of state court remedies. If Petitioner decides to proceed only with the claims that are contained in his original habeas petition, he need not take any action and the Court will proceed to the merits of those claims after the thirty day time period has passed. See, e.g., Maybee v. Ocwieja, No. 08-12131, 2009 WL 3188677, *1 (E.D. Mich. Sept. 29, 2009) (providing petitioner with 30 days to withdraw his habeas petition).

Accordingly, Petitioner's motion to amend petition (Dkt. 12) is denied without prejudice. Furthermore, the Court orders Petitioner notify the Court in writing by July 31, 2013, whether he wishes to withdraw the petition in order to return to state court to pursue his unexhausted claims. If Petitioner timely notifies the Court that he wishes to pursue his unexhausted claims, the Court will then decide whether to dismiss the petition without prejudice or stay further proceedings and hold the petition in abeyance pending the exhaustion of state court remedies. If Petitioner wishes to proceed only with the claims contained in his original petition, he need not take any action and the Court will proceed to the merits of those claims after the thirty-day time period has passed.

SO ORDERED.

Dated: July 1, 2013  s/Mark A. Goldsmith  
Flint, Michigan  MARK A. GOLDSMITH  
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2013.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager