UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KISSNER,

    Petitioner,

                                                                      Civil Action. No. 10-CV-14759

v.

                                                                      HON. MARK A. GOLDSMITH

MARY BERGHUIS,

    Respondent.

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

### I. INTRODUCTION

Petitioner Donald Kissner, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his conviction and sentence for burning real property, Mich. Comp. Laws § 750.73, and being a third felony habitual offender, Mich. Comp. Laws § 769.11.

On June 11, 2013, Petitioner filed a motion to amend his habeas petition (Dkt. 12), which sought to include a claim that his trial counsel was ineffective for failing to challenge the pre-arrest delay in this case. Petitioner also sought to add a claim that he has newly discovered evidence that a Michigan State Trooper, who was assigned to the Michigan State Police Post that Petitioner was convicted of burning, was involved in a drug conspiracy ring that may have involved other troopers at the post. Petitioner alleges that one of the troopers from this drug conspiracy ring may have been the person responsible for setting fire to the Michigan State Police Post. Petitioner alleged that he only recently discovered the factual basis for these claims.

On July 1, 2013, the Court denied Petitioner's motion to amend his habeas petition without prejudice, on the grounds that Petitioner had not yet exhausted these claims with the state courts. 7/1/2013 Order (Dkt. 16). The Court gave Petitioner thirty days to advise the Court whether he wished to return to the state courts to exhaust these new claims or whether he wished to proceed only with his exhausted claims. Id. The Court further indicated that if Petitioner informed the Court that he wished to pursue his unexhausted claims in the state courts, the Court would decide whether to hold the petition in abeyance pending the exhaustion of these additional claims or whether to dismiss the petition without prejudice. Id.

Petitioner has now filed a motion for stay and abeyance, in which he asks this Court to hold his petition in abeyance, so that he can return to the state courts to exhaust these two claims as well as three additional related claims. Pet.'s Motion for Stay and Abeyance (Dkt. 17).

For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this Opinion and Order to permit Petitioner to return to the state courts to exhaust his additional claims. The Court will also administratively close the case.

## II. BACKGROUND

Petitioner was convicted of the above-referenced offenses following a jury trial in the Shiawassee County Circuit Court. Petitioner was sentenced to twelve to twenty years in prison. The Michigan Court of Appeals remanded the case for re-sentencing. People v. Kissner, No. 258333 (Mich. Ct. App. Dec. 20, 2005).

On remand, Petitioner was re-sentenced to eleven to twenty years in prison. Petitioner's sentence was affirmed on appeal. People v. Kissner, No. 271977 (Mich. Ct. App. Sept. 18, 2007); lv. den. 743 N.W.2d 32 (2008).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. People v. Kissner, No. 04-000993-FH (Shiawassee County Circuit Court, Oct. 6, 2008). The Michigan appellate courts denied Petitioner leave to appeal. People v. Kissner, No. 293022 (Mich. Ct. App. Nov. 2, 2009); lv. den. 787 N.W.2d 483 (2010).

On December 1, 2010, Petitioner filed an application for a writ of habeas corpus in which he sought habeas relief on the five grounds that he raised before the Michigan courts on his direct appeal and post-conviction review. See 12/1/2010 Petition (Dkt. 1). As explained above, Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise claims that have not been exhausted with the state courts.

### III. ANALYSIS

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. Brewer v. Johnson, 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. Sitto v. Bock, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. See Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); Bowling v. Haeberline, 246 F. App'x 303, 306 (6th Cir. 2007) (explaining that a court may delay a decision on a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served").

Therefore, the Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust.

3

The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2244(d)(1) (stating that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time-barred by the AEDPA's statute of limitations. Hargrove v. Brigano, 300 F. 3d 717, 720-721 (6th Cir. 2002).

The United States Supreme Court suggested that a habeas petitioner, concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations, could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). If there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless," a federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. Rhines v. Weber, 544 U.S. 269, 277 (2005).

The Court is aware that Petitioner has already filed one motion for relief from judgment. Pursuant to Mich. Ct. R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. Banks v. Jackson, 149 F. App'x 414, 418 (6th Cir. 2005). However, Mich. Ct. R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first motion. Id.

4

Petitioner alleges in his motion that he has newly discovered evidence in support of the claims that he is wishes to raise in a second motion for relief from judgment. Because there is some likelihood that the Michigan courts might permit Petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in Mich. Ct. R. 6.502(G)(2), a procedural bar to Petitioner filing such a second motion is not clearly applicable. Therefore, the Court will grant Petitioner a stay of proceedings to permit him to attempt to exhaust the claims contained in his second motion for relief from judgment with the state courts. Banks, 149 F. App'x at 419-420.

However, even where a district court determines that a stay is appropriate pending exhaustion, the court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).

Thus, the Court shall hold the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. Hargrove, 300 F. 3d at 721.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Shiawassee County Circuit Court under Mich. Ct. R. 6.502. Mikko v. Davis, 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the

record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; Nasr v. Stegall, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

## IV. CONCLUSION

Accordingly, the proceedings are stayed and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition.

After Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further ordered that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

Dated:  August 19, 2013
    Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager