UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KISSNER,

        Petitioner,

                                   Case No. 10-cv-14759

v.

                                   HON. MARK A. GOLDSMITH

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS (Dkts. 1, 24), DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO
APPEAL IN FORMA PAUPERIS**

Petitioner Donald Kissner, currently confined at the Macomb Correctional Facility in New Haven, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence following a jury trial in the Shiawassee County Circuit Court for burning real property, Mich. Comp. Laws § 750.73; and being a third felony habitual offender, Mich. Comp. Laws § 769.11.  For the reasons discussed fully below, the Court denies the petition for writ of habeas corpus.

**I. BACKGROUND**

On April 9, 2002, a building in Owosso, Michigan that housed a Michigan State Police Post and several other businesses was destroyed by a fire.  The prosecutor's theory of the case was that Petitioner intentionally set fire to the building as revenge against what he perceived as mistreatment by the Michigan State Police, which had previously investigated Petitioner's prior breaking and entering charge, and also to destroy evidence that had been seized by the police from a friend's home during a drug raid.  The defense theory was that Petitioner merely bragged

1

about setting the fire to impress people, and that the confessions that he made to the police were based on information that had been given to him by the investigating officers.

Petitioner was sentenced to 12-to-20 years' imprisonment. The Michigan Court of Appeals remanded the case for re-sentencing. People v. Kissner, No. 258333 (Mich. Ct. App. Dec. 20, 2005). On remand, Petitioner was re-sentenced to 11-to-20 years' imprisonment, which was affirmed on appeal. People v. Kissner, No. 271977 (Mich. Ct. App. Sept. 18, 2007), leave denied, 743 N.W.2d 32 (Mich. 2008).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. People v. Kissner, No. 04-993-FH (Shiawassee Cnty. Cir. Ct. Oct. 6, 2008) (Dkt. 27-6); see also 10/6/2008 Hr'g Tr. (Dkt. 10-9). The Michigan appellate courts then denied Petitioner leave to appeal. People v. Kissner, No. 293022 (Mich. Ct. App. Nov. 2, 2009), leave denied, 787 N.W.2d 483 (Mich. 2010).

Petitioner attempted to file a second motion for relief from judgment, which was rejected by the trial court on the basis of Mich. Ct. Rule 6.502(G)(1), which prohibits the filing of a successive post-conviction motion for relief from judgment, unless there has been a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first motion. People v. Kissner, No. 04-993-FH (Shiawassee Cnty. Cir. Ct. Dec. 11, 2008) (Dkt. 27-7).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance while Petitioner returned to the state courts to file a third post-conviction motion for relief from judgment. See Kissner v. Berghuis, No. 10-CV-14759, 2013 WL 4482997 (E.D. Mich. Aug. 19, 2013).

Petitioner filed a third post-conviction motion for relief from judgment, which was denied by the trial court, because (i) it was a successive post-conviction motion that was prohibited by Michigan Court Rule 6.502(G)(1), and (ii) Petitioner's claims did not come within one of the exceptions under Michigan Court Rule 6.502(G)(2) that would permit the filing of a successive motion for relief from judgment. People v. Kissner, No. 04-993-FH (Shiawassee Cnty. Cir. Ct. Jan. 17, 2014) (Dkt. 27-10). The Michigan Court of Appeals and Michigan Supreme Court rejected Petitioner's post-conviction appeals on the ground that Rule 6.502(G)(1) does not allow an appeal from the rejection of an unpermitted successive motion for relief from judgment. People v. Kissner, No. 322052 (Mich. Ct. App. June 27, 2014), leave denied, 856 N.W.2d 55 (Mich. 2014).

On May 27, 2015, the Court lifted the stay, reopened the petition to the Court's active docket, and granted Petitioner's motion to amend the petition to add additional claims. See 5/27/2015 Op. & Order (Dkt. 25). In his original petition, Petitioner seeks relief on the following grounds:

    i.    "Defendant must be resentenced when the sentencing court failed to state objective and verifiable reasons in support of the departure and the extent of the departure.

    ii.    "Defendant's 6th Amendment constitutional right to effective assistance of counsel was violated."

    iii.    "The trial court erred in failing to sua sponte disqualify himself based on personal bias against the defendant where the defendant was an ex-boyfriend to and possibly fathered a child by the judge's daughter."

    iv.    "Defendant must be resentenced where he objected to one of prior convictions listed in the habitual offender information and the trial court failed to verify the challenged [sic]."

     v.    "Defendant's 6th Amendment constitutional right to effective assistance of counsel was violated by his appellate counsel's failure to raise the issues herein."

Pet. at 5, 7, 9-10, 17 (cm/ecf pages) (Dkt. 1).

In his amended habeas petition, Petitioner seeks relief on the following twelve grounds, which the Court has renumbered for judicial clarity to correspond with the numbering of the original claims:

     vi.    "Defendant's state and federal constitutional right [sic] to due process and fair trial were violated where there was a pre-arrest delay in this case via fake probation violation. Newly discovered evidence/wrongfully withheld evidence."

     vii.    "Defendant's state and federal constitutional rights were violated where there was a violation of speedy trial rights. Newly discovered evidence/wrongfully withheld evidence."

     viii.    "Defendant's state and federal constitutional right to due process and a fair trial were violated where the police and prosecution failed to properly investigate the case after focusing on defendant and neglected to investigate anyone else in the building even state police in the post. Newly discovered evidence/wrongfully withheld evidence."

     ix.    "Defendant's state and federal constitutional right [sic] to due process and a fair trial were violated where the state police and prosecutor demanded witnesses to say that the defendant committed the crime, if not they were threaten[ed] not to help the defendant or they would be charged.  Newly discovered evidence/wrongfully withheld evidence."

     x.    "Defendant's state and federal constitutional rights were violated where there was insufficient and/or incompetent evidence presented at trial that the defendant committed the offense. Newly discovered evidence/wrongfully withheld evidence."

     xi.    "Defendant's state and federal constitutional rights to due process and equal protection of laws were violated where the trial court/Judge Lostracco refused to appoint counsel to defendant during the October 6, 2008 evidentiary hearing pursuant to MCR 6.505(A) as well as conducting an

evidentiary hearing via phone. These errors thereby voiding the denial of relief by all courts of the state and mandating a new evidentiary hearing on the original amended motion for relief from judgment."

xii.    "Defendant's and state federal constitutional right [sic] to effective assistance of trial counsel was violated."

xiii.   "Defendant's state and federal constitutional right [sic] to due process was violated by the courts abuse of discretion in departing from the sentencing guidelines based on the financial/restitution be paid constituting double jeopardy, ordering restitution on the state post and investigation, and failure to correct or evaluate the record for inaccurate information."

xiv.    "Defendant's state and federal constitutional right [sic] to due process w[as] violated where the trial court/Judge Lostracco denied the defendant's motion for substitution of appointed appellate counsel or even inquire before denying; denying the defendant's motion for extension of the time to file a supplemental brief in pro-per pursuant to Administrative Order No. 2004-9 (Standard 4)."

xv.     "Defendant's state and federal constitutional right [sic] to effective assistance of counsel was violated where appellate counsel failed to raise the issue herein."

xvi.    "The cumulative effect of errors throughout the proceedings violated defendant's state and federal constitutional right [sic] to due process of law."

xvii.   "Defendant's state and federal constitutional right [sic] to due process were violate[d] where he is actually innocent of the crime he stands convicted and sentenced of."

Am. Pet. at 5, 7-8, 10, 16-18, 20-21, 23-24, 26 (cm/ecf pages) (Dkt. 24).

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (quotation marks and citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quotation marks). The Supreme Court has emphasized "that

6

4:10-cv-14759-MAG-VMM   Doc # 30   Filed 02/25/16   Pg 7 of 24   Pg ID 2311

even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citation omitted). Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. (quotation marks omitted). A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-787.

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).

### III.  ANALYSIS

#### A.  Claims One, Four, and Thirteen:  Sentencing Claims

In his first claim, and again as part of his thirteenth claim, Petitioner contends that the trial court judge improperly departed above the sentencing-guideline range.  In his fourth claim, Petitioner alleges that he should only have been convicted of being a second felony habitual offender, because one of the prior convictions that was used to charge him with being a third felony habitual offender was only a misdemeanor.

The Court initially notes that Petitioner's sentence of 11-to-20 years' imprisonment was within the statutory limit under Michigan law for the crime of burning real property and being a third felony habitual offender.  A sentence imposed within the statutory limits is not generally subject to habeas review.  See Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Nor does a sentence within the statutory maximum set by statute normally constitute cruel and unusual punishment.  Austin v. Jackson, 213 F. 3d 298, 302 (6th Cir. 2000).

It is well-established that "federal habeas corpus relief does not lie for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67 (1991).  Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is essentially a state-law claim.  See Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003).  "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence."  See Mitchell v. Vasbinder, 644 F.

8

Supp. 2d 846, 867 (E.D. Mich. 2009). Thus, Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would not entitle him to habeas relief, because such a departure does not violate any of Petitioner's federal due-process rights. See Austin, 213 F.3d at 301; see also Drew v. Tessmer, 195 F. Supp. 2d 887, 889-890 (E.D. Mich. 2001).

Although Petitioner's sentence of 11-to-20 years in prison exceeded the sentencing guidelines range, the sentence was within the statutory maximum for the crime of burning real property and being a third felony habitual offender. Therefore, Petitioner's sentence does not violate the Eighth Amendment ban against cruel and unusual punishment. See Bryant v. Yukins, 39 F. App'x 121, 123 (6th Cir. 2002). Accordingly, Petitioner is not entitled to habeas relief on this claim.

In his fourth claim, Petitioner contends that he should not have been convicted of being a third felony habitual offender, because one of the prior convictions used to enhance his sentence was only a misdemeanor. The trial judge rejected Petitioner's claim, noting that Michigan's habitual offender statute permits a crime that is an attempt to commit a felony to be used to charge a defendant with being a habitual offender, even if that attempt crime is a misdemeanor. Because Petitioner's prior conviction was for the attempted unlawful use of a motor vehicle, for which the completed crime was a felony, the judge concluded that this conviction could be used to enhance Petitioner's sentence as a third habitual offender. 7/10/2006 Sentencing Tr. at 6-8 (Dkt. 10-8).

Petitioner's claim involving the application of Michigan's habitual offender laws is not cognizable on habeas review, because it involves an application of state law. See Rodriguez v.

9

Jones, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009).  Accordingly, Petitioner is not entitled to habeas relief on his fourth claim.

### B.  Claims Two, Three, and Five:   Ineffective Assistance of Counsel and Judicial Bias Claims

In his second and fifth claims, Petitioner contends that he was denied the effective assistance of both trial and appellate counsel.  In his related third claim, Petitioner claims that he was denied a fair trial because of judicial bias.[1]

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance.  Id.  In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy.  Id. at 689. Second, the defendant must show that such performance prejudiced his defense.  Id.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  The Strickland standard applies as well to claims of ineffective assistance of appellate

---

[1] Respondent argues in her answer to the amended petition for writ of habeas corpus that Petitioner moved to withdraw his second and third claims in his motion to amend the petition for writ of habeas corpus.  Resp't Answer at 3 n.2 (Dkt. 26).  A habeas petitioner can withdraw a claim from a habeas petition as long as he or she does so knowingly, voluntarily, and intelligently.  Daniel v. Palmer, 719 F. Supp. 2d 817, 828 (E.D. Mich. 2010), rev'd on other grounds sub nom. Daniel v. Curtin, 499 F. App'x 400 (6th Cir. 2012).  In his reply, Petitioner appears to argue that he did not intend to withdraw these claims.  See Reply at 22 (cm/ecf page) (Dkt. 28).  Because Petitioner did not knowingly, voluntarily, and intelligently moved to withdraw these claims, the Court will address Petitioner's second and third claims.

counsel.  See Whiting v. Burt, 395 F.3d 602, 617 (6th Cir. 2005).  The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the State, to show a reasonable probability that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different.  See Wong v. Belmontes, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101.  Indeed, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 556 U.S. at 123.

Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a Strickland claim brought by a habeas petitioner.  Id.  This means that, on habeas review of a state-court conviction, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Harrington, 562 U.S. at 101.  "Surmounting Strickland's high bar is never an easy task." Id. at 788.

Because of this doubly deferential standard, the Supreme Court has indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

11

Id. at 105.  In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did.  Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011).

In his second claim, Petitioner alleges that he was deprived of the effective assistance of trial counsel in a number of ways.

Petitioner first alleges that trial counsel was ineffective for failing to move to disqualify the trial judge based upon personal bias and prejudice due to the fact that Petitioner had previously had a romantic relationship with the judge's daughter, "Misty," of which the judge allegedly disapproved.  Petitioner further claims that the judge was biased because Petitioner may have gotten the judge's daughter pregnant.  In his related third claim, Petitioner contends that the trial judge was personally biased because of Petitioner's prior relationship with his daughter and, therefore, should have disqualified himself from presiding over Petitioner's trial.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case.  See Bracy v. Gramley, 520 U.S. 899, 904-905 (1997).  However, to state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias.  United States v. Lowe, 106 F.3d 1498, 1504 (6th Cir. 1997).  "Under this standard, only in the most extreme of cases would disqualification on the basis of bias and prejudice be constitutionally required."  Getsy v. Mitchell, 495 F.3d 295, 311 (6th Cir. 2007).

Petitioner first raised this issue in his motion for relief from judgment.  A hearing was held with respect to this claim.  The trial judge denied the motion, noting:

I would state that, first of all, Mr. Kissner, that I don't have a daughter by the name of Misty, and if there was such a relationship, as you are obviously lying about, my daughter would have been age 11 at the time, and I don't know that, you know, you would like to comment on that.

But the other thing that I want to say is this:  Since that information is so outrageously a pack of lies, I referred the matter to the Michigan State Police for a perjury investigation.

*          *          *

As far as issue number 2, the disqualification issue, as I've already noted, you're pretty loose with the truth, and there's no -- absolutely zero -- credibility in anything that you have set forth, because the record does not, in any way, support or corroborate any of your statements in that issue.

10/6/2008 Motion Hr'g at 18, 23.

Petitioner was subsequently charged with tampering with evidence and attempted obstruction of justice for filing an affidavit in support of his motion for relief from judgment in which he alleged, among other things, that he was an ex-boyfriend to, and possibly fathered a child by, the judge's daughter Misty Lostracco.  Petitioner was convicted of tampering with evidence and attempted obstruction of justice for filing this affidavit.  Petitioner's conviction was affirmed on appeal.  People v. Kissner, 808 N.W.2d 522 (Mich. Ct. App. 2011); leave denied 804 N.W.2d 326 (Mich. 2011).  In affirming his conviction, the Michigan Court of Appeals noted that Petitioner acknowledged in his brief on appeal that the information he provided in his motion for relief from judgment and affidavit concerning a prior relationship with the judge's daughter was false.  Kissner, 808 N.W.2d at 527.

Petitioner is not entitled to habeas relief on his judicial bias claim, because his claim that he had a prior romantic relationship with the judge's daughter is patently false.  Because Petitioner has failed to show that the judge was biased against him, counsel was not ineffective

for failing to move for the judge to be disqualified.  See Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2013).

Petitioner next contends that his trial counsel was ineffective for failing to raise an insanity defense based on the fact that Petitioner had a history of mental illness, specifically a bi-polar disorder.

Petitioner is not entitled to habeas relief on this claim for several reasons.  First, Petitioner's claim is without merit, because he failed to present any evidence, either to the state courts, or to this Court, that he was legally insane at the time of the crime.  See, e.g., Sneed v. Johnson, 600 F.3d 607, 611 (6th Cir. 2010).  More specifically, in light of the fact that Petitioner has failed to show that he has an expert who would testify that he was legally insane at the time of the offense, counsel's failure to raise an insanity defense was not prejudicial to Petitioner.  See Abdur'Rahman v. Bell, 226 F.3d 696, 715 (6th Cir. 2000).

Petitioner also cannot establish that counsel was ineffective for failing to present an insanity defense at trial, in light of the fact that such a mental-state defense would have required counsel to admit that Petitioner intentionally set fire to the building, which would have been inconsistent with Petitioner's claim of innocence at trial.  See Bowling v. Parker, 344 F.3d 487, 507 (6th Cir. 2003).

Finally, as one court has noted, "[t]here is considerable empirical evidence that insanity pleas in and of themselves are not received favorably by jurors."  Weekley v. Jones, 76 F.3d 1459, 1463 (8th Cir. 1996).  Since insanity or mental defenses are rarely successful, it would not have been unreasonable for counsel, at least under the facts of this case, to forego such a defense for a stronger defense theory.  See, e.g., Silva v. Woodford, 279 F. 3d 825, 851 (9th Cir. 2002); Sneed, 600 F.3d at 611 (counsel was not ineffective in failing to present insanity defense

14

where "public's widespread skepticism of the insanity defense at the time of Sneed's trial in 1986 (circa the John Hinkley trial), indicate that this was not an attractive defense").

Petitioner next claims counsel was ineffective for not objecting to testimony that he had a prior violent confrontation with the Michigan State Police and had committed an uncharged crime when he grabbed, tried to kiss, and fondled the breast of Tiffany Nault. Petitioner claims this evidence was not admissible under Michigan Rule of Evidence 404(b) and was unduly prejudicial.

When defense counsel focuses on some issues to the exclusion of others, there is a strong presumption that he or she did so for tactical reasons, rather than through sheer neglect, and this presumption has particular force where an ineffective assistance of counsel claim is asserted by a federal habeas petitioner based solely on the trial record, where a reviewing court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." See Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003). In the present case, counsel may very well have made a strategic decision not to object to this testimony, so as to avoid bringing undue attention to the evidence. See Cobb v. Perini, 832 F.2d 342, 347-348 (6th Cir. 1987). "[N]ot drawing attention to [a] statement may be perfectly sound from a tactical standpoint[,]." United States v. Caver, 470 F.3d 220, 244 (6th Cir. 2006). Stated differently, Petitioner is unable to show that counsel's failure to object to this evidence — thus drawing attention to it — was deficient, so as to support an ineffective assistance of counsel claim. See Smith v. Bradshaw, 591 F. 3d 517, 522 (6th Cir. 2010).

Last, Petitioner contends his trial counsel was ineffective for mentioning the SCAN questionnaire in front of the jury. SCAN is an acronym for Scientific Content Analysis. Petitioner claims that reference to a SCAN examination is synonymous to referring to a

polygraph examination, which is inadmissible. Petitioner argues that the jury could infer from this reference that Petitioner failed the SCAN exam.

Petitioner's claim is purely speculative, because the results of the SCAN exam were not testified to or otherwise admitted into evidence. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. See Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998). Because Petitioner has failed to show that he was prejudiced by counsel's reference to the SCAN examination, he is not entitled to habeas relief on his ineffective assistance of trial counsel claim.

In his fifth claim, Petitioner contends that appellate counsel was ineffective for failing to raise his second, third, or fourth claims on his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. Evitts v. Lucey, 469 U.S. 387, 396-397 (1985). It is well established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983).

Petitioner's second through fourth claims are meritless. "[A]ppellate counsel cannot be found to be ineffective for failure to raise an issue that lacks merit." Shaneberger v. Jones, 615 F. 3d 448, 452 (6th Cir. 2010). Petitioner has, therefore, failed to show that appellate counsel was ineffective for failing to raise these claims on his appeal of right. Accordingly Petitioner is not entitled to habeas relief on his fifth claim.

### C. Claims Six Through Seventeen: Procedural Default of Remaining Claims

Respondent contends that Petitioner's remaining claims are procedurally defaulted, because Petitioner raised them only for the first time in his third post-conviction motion for relief

16

from judgment, and the trial court, the Michigan Court of Appeals, and the Michigan Supreme Court relied on Michigan Court Rule 6.502(G) to reject Petitioner's post-conviction motion.[2]

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred, unless Petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-751 (1991). If Petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. Smith v. Murray, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented, even in the absence of a showing of cause for procedural default. Murray v. Carrier, 477 U.S. 478, 479-480 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 624 (1998).

Under Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. See Banks v. Jackson, 149 F. App'x 414, 418 (6th Cir. 2005); see also Hudson v. Martin, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing to People v. Ambrose, 587 N. W. 2d 282 (Mich. 1998)). However, Michigan Court Rule 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for

---

[2]  To the extent that Petitioner includes in these claims allegations relating to his first five claims, see, e.g., Claim 13, they would, of course, not be procedurally defaulted.

relief from judgment or a claim of new evidence that was not discovered before the first such motion. Banks, 149 F. App'x at 418; Hudson, 68 F. Supp. 2d at 800-801.

Petitioner raised his sixth through seventeenth claims in his third motion for relief from judgment. The trial court rejected Petitioner's third motion for relief from judgment pursuant to Rule 6.502(G), because Petitioner had already filed a motion for relief from judgment and failed to present new evidence that could not have been discovered sooner with due diligence that would have entitled him to file a second motion for relief from judgment pursuant to Rule. 6.502(G)(2). The Michigan Court of Appeals and the Michigan Supreme Court also rejected Petitioner's appeal, because Petitioner was prohibited from filing a second or successive motion for relief from judgment pursuant to Rule 6.502(G).

Petitioner's first motion for relief from judgment was filed in 2008. At the time that Petitioner filed his first motion, Rule 6.502(G) was a firmly established and regularly followed procedural rule that would be sufficient to invoke the doctrine of procedural default. See Porter v. Smith, 197 F. Supp. 2d 827, 832-833 (E.D. Mich. 2002). Because Petitioner's sixth through seventeenth claims were rejected by the trial court and the Michigan appellate courts pursuant to Rule 6.502(G), the claims are procedurally defaulted. Id.; see also Erwin v. Elo, 82 F. App'x 405, 406-407 (6th Cir. 2003).

Petitioner raises a number of arguments in an apparent attempt to excuse the default. Petitioner first contends that his appellate counsel was ineffective for not raising these claims on his appeal of right. While ineffective assistance of appellate counsel might excuse Petitioner's failure to raise these claims on his direct appeal, it does not excuse Petitioner's own failure to correctly exhaust these claims in his first post-conviction motion. See Gadomski v. Renico, 258 F. App'x 781, 784 (6th Cir. 2007).

Petitioner further claims that any default should be excused because he was not permitted to file a Standard 4 supplemental pro per brief on direct appeal, in addition to the brief filed by appellate counsel.[3]

A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction.  Martinez v. Court of Appeal of California, Fourth Appellate Dist., 528 U.S. 152, 163 (2000).  The rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself.  However, the Sixth Amendment does not include any right to appeal.  Id. at 160.  There is no constitutional entitlement to submit a pro se appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel.  See McMeans v. Brigano, 228 F.3d 674, 684 (6th Cir. 2000).

By accepting the assistance of counsel, the criminal appellant waives his right to present pro se briefs on direct appeal.  See Henderson v. Collins, 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999), aff'd in part, vacated in part on other grounds, 262 F.3d 615 (6th Cir. 2001) (defendant who was represented by counsel and also sought to submit pro se brief upon appeal did not have right to such hybrid representation).  Thus, any failure by appellate counsel to submit a pro se brief on behalf of Petitioner does not present a constitutional question that would entitle him to relief.  Nor would it excuse Petitioner's default for failing to raise these claims on his appeal of right.  McMeans, 228 F.3d at 684.  Further, appellate counsel's failure to file a Standard 4 supplemental brief on Petitioner's behalf does not explain why Petitioner did not raise these claims in his first post-conviction motion for relief from judgment.

---

[3]  Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a pro se brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions."  Ware v. Harry, 636 F. Supp. 2d 574, 594 n. 6 (E.D. Mich. 2008).

As a related argument, Petitioner argues that he should be excused from failing to raise these claims in his first post-conviction motion, because the trial court refused to appoint counsel to assist him with this first post-conviction motion. There is no constitutional right to an attorney in post-conviction proceedings. See Coleman, 501 U.S. at 752-753. A habeas petitioner's pro se status and ignorance of rights at the state-court level does not constitute cause that would excuse the procedural default. Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995). Because there is no constitutional right to counsel in post-conviction proceedings, the fact that Petitioner represented himself pro se on his first state post-conviction motion is not sufficient cause to excuse the procedural default. See Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003).

Petitioner acknowledges that there is generally no constitutional right to the assistance of counsel in post-conviction proceedings, but claims that the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012) carves out an exception that would excuse his default, at least with respect to the ineffective assistance of trial counsel claims that he raised for the first time in his third post-conviction motion for relief from judgment. In Martinez, the Supreme Court held that in those states that do not allow a criminal defendant to raise an ineffective assistance of trial counsel claim on direct appeal, but only for the first time in a state post-conviction proceeding, the ineffective assistance of post-conviction counsel in failing to raise an ineffective assistance of trial counsel claim in the post-conviction proceeding would excuse the procedural default. Id. at 1315, 1320.

The holding in Martinez is inapplicable to Petitioner's case. Michigan law not only permits, but, in general, requires a criminal defendant to raise an ineffective assistance of trial counsel claim on direct appeal. See, e.g., People v. Brown, 811 N.W.2d 500 (Mich. 2012); Alexander v. Smith, 311 F. App'x 875, 885 (6th Cir. 2009). Because Michigan law allows an

20

ineffective assistance of trial counsel claim to be raised on direct appeal, the lack of the assistance of counsel on Petitioner's first post-conviction motion for relief from judgment would not excuse Petitioner from raising his ineffective assistance of trial counsel claims in his first motion for relief from judgment. See Moore v. Mitchell, 708 F.3d 760, 785 (6th Cir. 2013).

Petitioner further argues that three of the claims that he raised for the first time in his third post-conviction motion for relief from judgment are based on newly discovered evidence that a corrupt state trooper worked at the State Police post that Petitioner was convicted of setting fire to from 1998 to 2003, when the trooper was transferred to another post.   Petitioner claims that this trooper was arrested in early 2005 for a drug conspiracy, was arraigned and given bond, before going home and dying.   Petitioner argues that this trooper could have been the person responsible for setting fire to the State Police post, to cover up his corrupt activities and possibly those of other allegedly corrupt state troopers.

A showing of cause by a habeas petitioner requires more than "the mere proffer of an excuse."   Lundgren v. Mitchell, 440 F.3d 754, 763 (6th Cir. 2006).   Therefore, a habeas petitioner cannot rely on conclusory assertions of cause and prejudice to overcome procedural default.  Instead, he or she must present affirmative evidence or argument as to the precise cause and the prejudice produced. Id. at 764. Petitioner presented no evidence to either the state courts or this Court to establish that any trooper associated with the State Police post that was burned to the ground was charged with any drug offenses or other illegal activity, or was otherwise responsible for the fire.  Petitioner's conclusory and unsupported allegation that he has newly discovered evidence would not excuse his failure to file his claims on direct appeal or in an earlier post-conviction motion.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence that, in spite of the procedural default, would allow this Court to consider Petitioner's sixth through seventeenth claims as grounds for a writ of habeas corpus.  Petitioner's sufficiency of evidence claim (Claim Ten) is insufficient to invoke the actual innocence doctrine to the procedural default rule.  See Malcum v. Burt, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).  Moreover, Petitioner's allegation that a corrupt state trooper committed the crime is insufficient to establish Petitioner's actual innocence, so as to excuse the default, because there is no evidence linking this trooper to the arson, while there is significant evidence linking Petitioner to the crime.  See, e.g., Bell v. Howes, 703 F.3d 848, 855 (6th Cir. 2012).

Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's procedurally defaulted claims on the merits.  Malcum, 276 F. Supp. 2d at 677.

Finally, assuming that Petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural-default rule, because his claims would not entitle him to relief.   The cause-and-prejudice exception is conjunctive, requiring proof of both cause and prejudice.  See Matthews v. Ishee, 486 F.3d 883, 891 (6th Cir. 2007).  For the reasons stated by the Assistant Michigan Attorney General in his answer to the amended petition for writ of habeas corpus with regards to the sixth through seventeenth claims, Petitioner failed to show that his procedurally defaulted claims have any merit.   Accordingly, Petitioner is not entitled to habeas relief on his procedurally defaulted claims.

### D.  Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "A petitioner satisfies this standard by demonstrating that . . .  jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327.  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  Id. at 336-337.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be denied.  Accordingly, a certificate of appealability is not warranted in this case.

### E.  Leave to Proceed In Forma Pauperis

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial

showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate the Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id. at 764-765.

## IV. CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus (Dkts. 1, 24), declines to issue a certificate of appealability, and grants leave to appeal in forma pauperis.

SO ORDERED.


Dated:  February 25, 2016                      s/Mark A. Goldsmith
        Detroit, Michigan                      MARK A. GOLDSMITH
                                               United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2016.

                                               s/Karri Sandusky
                                               Case Manager