UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KISSNER,

       Petitioner,

                                                  Case No. 10-cv-14759

v.

                                                  HON. MARK A. GOLDSMITH

CARMEN PALMER,

       Respondent.

_____/

**OPINION & ORDER
(1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET; (2) DENYING, IN PART, PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Dkt. 37): AND (3) TRANSFERRING PETITIONER'S MOTION TO THE COURT OF APPEALS**

On February 25, 2016, this Court denied Petitioner Donald Kissner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, declined to issue a certificate of appealability, but granted leave to proceed in forma pauperis on appeal. Kissner v. Palmer, No. 10-cv-14759, 2016 WL 739989 (E.D. Mich. Feb. 25, 2016). The Sixth Circuit subsequently denied Petitioner a certificate of appealability and dismissed the appeal. Kissner v. Palmer, 826 F.3d 898 (6th Cir. 2016), reh'g denied, No. 16-1320 (6th Cir. Sep. 13, 2016), cert. denied sub nom. Kissner v. Harry, 137 S. Ct. 1081 (2017), reh'g denied, 137 S. Ct. 2112 (2017).

This matter is before the Court on Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (Dkt. 37), in which he seeks to reopen his case and vacate the original judgment. The Court directs the Clerk of the Court to reopen the case to the Court's active docket for the purpose of facilitating the adjudication of this motion. See Heximer v. Woods, No. 2:08-CV-14170, 2016 WL 183629, at *1 (E.D. Mich. Jan. 15, 2016). For the reasons stated below, the Court denies the motion, in part, and transfers the motion to the U.S. Court of Appeals for the Sixth Circuit.

## I. DISCUSSION

In his motion, Petitioner claims that he has new evidence in the form of affidavits from two women, both dated July 19, 2016. Petitioner claims that this new evidence supports his claims that trial counsel was ineffective for failing to interview exculpatory witnesses, and that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on Petitioner's appeal of right. Petitioner further claims that these two affidavits establish his actual innocence, so as to excuse the procedural default of his sixth through seventeenth claims.

The first affidavit is from April Louise Teremi. April was thirty-four years old when she signed the affidavit, and claims that State Trooper Detective Pendergraf and State Trooper Coolidge came to speak with her at her home about Petitioner and the arson that he was ultimately convicted of committing. April claims that she and her grandmother, Ruth Teremi, told the police that they did not believe that Petitioner committed the arson. The police allegedly told Ruth to be quiet and go to her room, and they told April they did not like her answers. April claims she subsequently went to the state police post and again told a prosecutor and a state police detective the same story. The prosecutor and detective did not like April's answers, stopped the interview, and had her speak with her mother, who told April to tell the truth. April again told the prosecutor and the police the same answers she previously told them.

The second affidavit is from April Teremi's mother, Joan Lynn Kinney. Kinney indicates that she drove her daughter to the police post. At one point, Detective Pendergraf told Kinney he did not think that April understood what was going on, and he asked Kinney to speak to April and get her to tell the truth about what she knew about the arson; Kinney told April to tell the truth. Kinney claims that, after the police spoke with April again, Detective Pendergraf came out of the interview room and yelled at Kinney and said, "I thought you talked to her." Kinney claims that she responded, "I said yes I did and I told her to tell the truth. And I told him I am sorry that she told the truth and it was not what you wanted to hear."

A motion for relief from judgment under Rule 60(b) seeking to present newly discovered evidence not presented in the petition should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532. A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4.

Petitioner argues that this Court erred in refusing to address the merits of his procedurally defaulted claims because of this new evidence, which Petitioner argues establishes his actual innocence, so as to excuse the default of his claims. This Court found these claims to be procedurally defaulted because Petitioner raised them only for the first time in his third post-conviction motion for relief from judgment, and the state courts relied on Michigan Court Rule 6.502(G) — which prohibits a criminal defendant from filing a successive post-conviction motion for relief from judgment unless the defendant has new evidence or a retroactive change in the law — to reject his motion. Kissner, 2016 WL 739989, at *9. Petitioner claims that these two affidavits establish his innocence to excuse his default.

3

To the extent that Petitioner's motion posits that this Court erred in procedurally defaulting his sixth through seventeenth claims, this would not amount to a successive challenge to his conviction, because it would amount to an attack on the defect in the habeas proceedings. See, e.g., Franklin v. Jenkins, 839 F.3d 465, 474 (6th Cir. 2016), cert. denied, 137 S. Ct. 2188 (2017); see also Sanders v. McCaughtry, 333 F. Supp. 2d 797, 799 and n.3 (E.D. Wis. 2004) (motion for relief from judgment based on newly discovered evidence indicating that habeas petition should not have been dismissed for procedural default was not a second or successive petition, where the motion called into question only the legitimacy of the decision in the habeas case and not the constitutionality of the underlying state court conviction).

Nonetheless, the Court rejects Petitioner's motion because it is untimely. Under Rule 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justified relief.

Petitioner's claim that he has newly discovered evidence of innocence to excuse his procedural default clearly falls within either subsection (1) of Rule 60(b) — based on this Court committing a mistake in procedurally defaulting his claims — subsection (2) — based on Petitioner having new evidence — or, perhaps, subsection (3) — to the extent Petitioner alleges misconduct on

the part of the police when they interviewed these two women. Subsections (4) and (5) clearly do not apply.

"Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." In re G.A.D., Inc., 340 F.3d 331, 334 (6th Cir. 2003) (citing Fed. R. Civ. P. 60(b); McDowell v. Dynamics Corp. of Am., 931 F.2d 380, 384 (6th Cir. 1991)). This Court denied the petition for writ of habeas corpus on February 25, 2016. Petitioner's motion for relief from judgment was signed and dated July 24, 2017, and filed with this Court on July 28, 2017. Because Petitioner's Rule 60(b) motion for relief from judgment based on the newly discovered evidence was filed more than one year after the Court denied the petition for writ of habeas corpus, Petitioner is not entitled to relief from judgment. See, e.g., Sanders, 333 F. Supp. 2d at 800.

Although Petitioner attempts to avail himself of the catch-all provision of subsection (6) of Rule 60(b), he is unable to obtain relief under this subsection. A litigant who seeks relief under Rule 60(b)(6) must show "extraordinary circumstances" that justify the reopening of a final judgment, "and such circumstances rarely occur in habeas cases." Landrum v. Anderson, 813 F.3d 330, 335 (6th Cir. 2016), cert. denied sub nom. Landrum v. Jenkins, 137 S. Ct. 333 (2016). More importantly, a motion for relief from judgment may not be brought under Rule 60(b)(6) "if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Mitchell v. Rees, 261 F. App'x 825, 830 (6th Cir. 2008) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 and n.11 (1988)). Motions for relief from judgment that are subject to the one-year limitations period may not be disguised as motions with a more generous limitations period. See Kalamazoo River Study Grp. v. Rockwell Int'l, 355 F. 3d 674, 588 (6th Cir. 2004). Because Petitioner's Rule 60(b) motion is clearly based on one of the first three subsections of Rule 60(b), it would be an error for this Court to grant Petitioner relief based on 60(b)(6). Mitchell, 261 F. App'x. at 830.

Finally, even if this Court could entertain this new evidence, it would not grant relief from judgment to Petitioner, because the two affidavits do not establish Petitioner's actual innocence, so as

5

to excuse the procedural default. The affidavits from the two women merely establish that April told the police that she did not believe that Petitioner committed the arson and would not change her story. There is nothing in these affidavits that actually exculpates Petitioner of the arson. Therefore, Petitioner is not entitled to relief from judgment.

To the extent that Petitioner's Rule 60(b) motion seeks to advance claims that the Court previously considered and dismissed on substantive, constitutional grounds, the motion amounts to a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). See Post v. Bradshaw, 422 F.3d 419, 424-425 (6th Cir. 2005). Petitioner's Rule 60(b) motion does not merely attempt to rectify defects in the habeas corpus proceedings, but also appears to reassert the substance of Petitioner's ineffective assistance of counsel claims, amounting to an impermissible attack on the Court's previous resolution of the claims on the merits. See Henderson v. Collins, 184 F. App'x 518, 523 (6th Cir. 2006). Petitioner's Rule 60(b) motion is, at least in part, the equivalent of a second or successive habeas petition, because the motion attempts to re-litigate ineffective assistance of counsel claims that Petitioner previously raised in his prior habeas petition. See In re Bowling, 422 F.3d 434, 440 (6th Cir. 2005). To the extent Petitioner has new evidence in support of these claims, Petitioner's presentation of new evidence in support of the previously denied claims constitutes a successive habeas petition for purposes § 2244(b)(3)(A). Id. at 439-440 (district court properly construed habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition). Finally, insofar as Petitioner is attempting to raise new ineffective assistance of counsel claims, his Rule 60(b) motion would also be the equivalent of a second or successive habeas petition. See Brooks v. Bobby, 660 F.3d 959, 962 (6th Cir. 2011).

Petitioner's current motion for relief from judgment is, in part, a successive petition for a writ of habeas corpus, and, therefore, he is required to obtain a certificate of authorization. Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment to the Sixth Circuit

pursuant to In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## II. CONCLUSION

For the reasons stated above, the Court orders the Clerk of the Court to reopen this case to the Court's active docket. Petitioner's motion for relief from judgment (Dkt. 37) is denied, in part.

The Clerk of the Court is also ordered to transfer the motion to the U.S. Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631, for authorization to file a subsequent petition, as required by 28 U.S.C. § 2244(b)(3)(A).

SO ORDERED.

Dated: August 11, 2017  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 11, 2017.

s/Karri Sandusky  
Case Manager