**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONALD KISSNER,

    Petitioner,                                Civil Action. No. 10-cv-14759

v.

                                         HONORABLE MARK A. GOLDSMITH

CARMEN PALMER,

    Respondent.
_____/

**OPINION & ORDER**
**(1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, (2) DENYING IN PART THE MOTION FOR RELIEF FROM JUDGMENT (Dkt. 47), (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) TRANSFERRING IN PART THE MOTION FOR RELIEF FROM JUDGMENT (Dkt. 47) TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

This matter is before the Court on Petitioner's motion for relief from judgment (Dkt. 47). This Court denied the petition for writ of habeas corpus, declined to issue a certificate of appealability, but granted Petitioner leave to appeal in forma pauperis. Kissner v. Palmer, No. 10-CV-14759, 2016 WL 739989 (E.D. Mich. Feb. 25, 2016). The Sixth Circuit subsequently denied Petitioner a certificate of appealability and dismissed the appeal. Kissner v. Palmer, 826 F.3d 898 (6th Cir. 2016); reh'g denied No. 16-1320 (6th Cir. Sep. 13, 2016); cert. den. sub nom Kissner v. Harry, 137 S. Ct. 1081 (2017); reh'g denied, 137 S. Ct. 2112 (2017).

Petitioner then filed a Rule 60(b) motion for relief from judgment. The Court denied in part the 60(b) motion for relief from judgment and also transferred the motion to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. Kissner v. Palmer, No. 10-CV-14759, 2017 WL 3446598 (E.D. Mich.

Aug. 11, 2017). The Sixth Circuit denied Petitioner a certificate of appealability regarding the denial of his Rule 60(b) motion. Kissner v. Haas, No. 17-2015, 2018 WL 797450 (6th Cir. Feb. 8, 2018). The Sixth Circuit also denied Petitioner permission to file a second habeas petition. In Re Kissner, No. 17-1936 (6th Cir. Jan. 9, 2018).

Petitioner has again filed a Rule 60(b) motion for relief from judgment. The Clerk of the Court is ordered to reopen the case to the Court's active docket for the purpose of facilitating the adjudication of Petitioner's Rule 60(b) motion. See Heximer v. Woods, No. 2:08-CV-14170, 2016 WL 183629 (E.D. Mich. Jan. 15, 2016).

A Rule 60(b) motion for relief from judgment that attempts to advance one or more substantive claims after the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532. A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Gonzalez, 545 U.S. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4.

Petitioner's 60(b) motion is untimely. Under Federal Rule of Civil Procedure 60(b), a motion for relief from judgment can be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,

(6) any other reason justifying relief from the operation of the judgment.

Petitioner is bringing his current Rule 60(b) motion under subsections 1-3 of Rule 60(b): mistake, new evidence, and fraud or misrepresentation.

"Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." In re G.A.D., Inc., 340 F.3d 331, 334 (6th Cir. 2003) (citing Fed. R. Civ. P. 60(b)); McDowell v. Dynamics Corp. of America, 931 F. 2d 380, 384 (6th Cir. 1991)). This Court denied the petition for writ of habeas corpus on February 25, 2016.

Petitioner's motion for relief from judgment was filed with this Court on September 17, 2018. Because Petitioner's Rule 60(b) motion for relief from judgment was filed more than one year after the Court denied the petition for writ of habeas corpus, Petitioner is not entitled to relief from judgment.

Petitioner has also attempted to use the catch-all provision of subsection (6) of Rule 60(b), as he did with his earlier Rule60(b) motion, but he remains unable to obtain relief under this subsection. A litigant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" which justify the reopening of a final judgment, "and such circumstances rarely occur in habeas cases." Landrum v. Anderson, 813 F.3d 330, 335 (6th Cir. 2016). More importantly, a motion for relief from judgment may not be brought under Rule 60(b)(6) "if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Mitchell v. Rees, 261 F. App'x 825, 830 (6th Cir. 2008) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 & n.11 (1988)). Motions for relief from judgment that are subject to the one-year limitations period may not be disguised as motions with a more generous limitations period. See Kalamazoo River Study Group v. Rockwell Intern., 355 F.3d 574, 588 (6th Cir. 2004). Petitioner's Rule 60(b) motion is clearly based on one of the first three subsections of Rule 60(b), thus it would be error for this Court to grant Petitioner relief based on 60(b)(6). Mitchell, 261 F. App'x at 830.

In any event, even if Petitioner's Rule 60(b) motion is timely, he is not entitled to relief from judgment.

Petitioner argues that this Court erred in adjudicating the issues that he raised in his original petition along with the claims that he raised in his amended habeas petition, because his amended habeas petition superseded his originally filed habeas petition. Petitioner also claims that this

Court somehow erred in renumbering his claims that he raised in his amended habeas petition to follow chronologically after the claims that he raised in his original petition.

A Rule 60(b) motion alleging that a district court failed to adjudicate a petitioner's claim does not constitute a second or successive petition because it merely challenges a defect in the proceedings. See Tyler v. Anderson, 749 F.3d 499, 508 (6th Cir. 2014). Petitioner, here, however, does not allege that this Court failed to adjudicate any of his claims, but rather appears to argue that this Court should have only addressed the claims raised by him in his amended habeas petition. As a general rule, amended pleadings supersede original pleadings. Braden v. United States, 817 F.3d 926, 930 (6th Cir. 2016) (citing Hayward v. Cleveland Clinic Found., 759 F.3d 601, 617 (6th Cir.2014)). This rule is applicable to petitions for writ of habeas corpus. Id. (citing Calhoun v. Bergh, 769 F.3d 409, 410 (6th Cir. 2014)). Exceptions to this rule occur "where a party evinces an intent for the amended pleading to supplement rather than supersede the original pleading . . . and where a party is forced to amend a pleading by court order." Id. (citations omitted).

When Petitioner filed his amended petition, he clearly showed an intent to raise additional claims and not to withdraw the claims that he raised in his original petition. Petitioner has not shown that this Court's decision to adjudicate the claims raised in both his original and amended petitions was somehow defective or prejudicial.

Petitioner also argues in his Rule 60(b) motion that this Court, in finding several of his claims to be procedurally defaulted, erred in failing to excuse Petitioner from failing to raise these claims in his first post-conviction motion on the ground that the trial court refused to appoint counsel to assist him with this first post-conviction motion.

To the extent that Petitioner claims that this Court erred in finding these claims to be procedurally defaulted, this would not amount to a successive challenge to his conviction because

it would amount to an attack on the defect in the habeas proceedings. See, e.g., Franklin v. Jenkins, 839 F.3d 465, 474 (6th Cir. 2016). However, a motion for relief from judgment that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit. See Harris v. U.S., 367 F.3d 74, 82 (2d Cir. 2004). A Rule 60(b) motion should be denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. See Miles v. Straub, 90 F. App'x 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. See Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004). A habeas petitioner cannot raise arguments during his or her first federal habeas proceeding, lose those arguments, then raise the same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. See Brooks v. Bobby, 660 F.3d 959, 962 (6th Cir. 2011).

Petitioner argues in his Rule 60(b) motion that that the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), carved out an exception that would excuse his default, at least with respect to the ineffective assistance of trial counsel claims that he raised for the first time in his third post-conviction motion for relief from judgment. Petitioner made this argument previously, which this Court rejected when it denied Petitioner's habeas petition:

> Petitioner acknowledges that there is generally no constitutional right to the assistance of counsel in post-conviction proceedings, but claims that the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012) carves out an exception that would excuse his default, at least with respect to the ineffective assistance of trial counsel claims that he raised for the first time in his third post-conviction motion for relief from judgment. In Martinez, the Supreme Court held that in those states that do not allow a criminal defendant to raise an ineffective assistance of trial counsel claim on direct appeal, but only for the first time in a state post-conviction proceeding, the ineffective assistance of post-conviction

6

> counsel in failing to raise an ineffective assistance of trial counsel claim in the post-conviction proceeding would excuse the procedural default. Id. at 1315, 1320.
>
> The holding in Martinez is inapplicable to Petitioner's case. Michigan law not only permits, but, in general, requires a criminal defendant to raise an ineffective assistance of trial counsel claim on direct appeal. See, e.g., People v. Brown, 811 N.W.2d 500 (Mich. 2012); Alexander v. Smith, 311 F. App'x 875, 885 (6th Cir. 2009). Because Michigan law allows an ineffective assistance of trial counsel claim to be raised on direct appeal, the lack of the assistance of counsel on Petitioner's first post-conviction motion for relief from judgment would not excuse Petitioner from raising his ineffective assistance of trial counsel claims in his first motion for relief from judgment. See Moore v. Mitchell, 708 F.3d 760, 785 (6th Cir. 2013).

Kissner v. Palmer, 2016 WL 739989, at *11.

Petitioner is not entitled to relief from judgment because he is merely attempting to relitigate issues already decided against him, and because he has not shown that this Court's ruling was in error.

Finally, Petitioner argues that this Court erred in failing to apply the pre-AEDPA (Antiterrorism and Effective Death Penalty Act) standard of de novo review to several of his claims, because these claims were not adjudicated on the merits by the state courts. Petitioner's argument amounts to a successive habeas petition because he does not merely argue a defect in the proceedings that prevented a merits determination on these claims but attacks this Court's prior resolution of these claims on the merits.

To the extent that Petitioner's Rule 60(b) motion argues a defect in the proceedings, it is denied. The Court also denies Petitioner a certificate of appealability on this portion of his Rule 60(b) motion. In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she makes both a substantial showing that he or she had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. See United States v. Hardin, 481

7

F.3d 924, 926 n.1 (6th Cir. 2007). The Court denies Petitioner a certificate of appealability, because jurists of reason would not find this Court's denial of the Rule 60(b) motion to be debatable.

To the extent that Petitioner's Rule 60(b) motion seeks to advance claims that the Court previously considered and dismissed on substantive, constitutional grounds, the motion amounts to a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). See Post v. Bradshaw, 422 F.3d 419, 424-25 (6th Cir. 2005). Petitioner's Rule 60(b) motion does not merely attempt to rectify defects in the habeas corpus proceedings, but also appears to reassert the substance of several of his claims, amounting to an impermissible attack on the Court's previous resolution of the claims on the merits. See Henderson v. Collins, 184 F. App'x 518, 523 (6th Cir. 2006). Petitioner's Rule 60(b) motion at least partially amounts to the equivalent of a second or successive habeas petition because the motion attempts to re-litigate claims that Petitioner previously raised in his prior habeas petition. See In re Bowling, 422 F.3d 434, 440 (6th Cir. 2005). In other words, Petitioner's Rule 60(b) motion seeks the vindication of, or advances, several claims because Petitioner is taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition. Post, 422 F.3d at 424-425.

To the extent that Petitioner's current motion for relief from judgment is a successive petition for a writ of habeas corpus, he is required to obtain a certificate of authorization. Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

For these reasons, The Court orders that:

1. The Clerk of the Court reopen the case to the Court's active docket.

2. The motion for relief from judgment (Dkt. 47) is denied in part. A certificate of appealability is denied**.**

3. The Clerk of the Court is ordered to transfer the motion for relief from judgment (Dkt. 47) to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

SO ORDERED.

Dated: October 25, 2018　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 25, 2018.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　Case Manager