UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KISSNER,

    Petitioner,                                 Civil Action. No. 10-cv-14759

v.

                                        HONORABLE MARK A. GOLDSMITH

CARMEN PALMER,

    Respondent.
_____/

**OPINION & ORDER
(1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET AND (2)
TRANSFERRING THE MOTION FOR RELIEF FROM JUDGMENT (Dkt. 55) TO THE
UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO
28 U.S.C. § 2244(b)(3)(A)**

Petitioner Donald Kissner filed a habeas corpus petition in December 2010 (Dkt. 1). This Court denied the petition, declined to issue a certificate of appealability, but granted Petitioner leave to appeal in forma pauperis. Kissner v. Palmer, No. 10-CV-14759, 2016 WL 739989 (E.D. Mich. Feb. 25, 2016). The Sixth Circuit subsequently denied Petitioner a certificate of appealability and dismissed the appeal. Kissner v. Palmer, 826 F. 3d 898 (6th Cir. 2016); reh'g den. No. 16-1320 (6th Cir. Sep. 13, 2016); cert. den. sub nom. Kissner v. Harry, 137 S. Ct. 1081 (2017); reh'g den., 137 S. Ct. 2112 (2017).

Petitioner then filed a Rule 60(b) motion for relief from judgment. The Court denied in part the 60(b) motion for relief from judgment and also transferred the motion to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. Kissner v. Palmer, No. 10-CV-14759, 2017 WL 3446598 (E.D. Mich. Aug. 11, 2017). The Sixth Circuit denied Petitioner a certificate of appealability regarding the

denial of his Rule 60(b) motion. Kissner v. Haas, No. 17-2015, 2018 WL 797450 (6th Cir. Feb. 8, 2018). The Sixth Circuit also denied Petitioner permission to file a second habeas petition. In Re Kissner, No. 17-1936 (6th Cir. Jan. 9, 2018).

Petitioner filed a second Rule 60(b) motion for relief from judgment. The Court again denied in part the Rule 60(b) motion for relief from judgment and also transferred the motion to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. Kissner v. Palmer, No. 10-CV-14759, 2018 WL 5292024 (E.D. Mich. Oct. 25, 2018). The Sixth Circuit denied Petitioner a certificate of appealability regarding the denial of his Rule 60(b) motion. Kissner v. Palmer, No. 18-2356, 2019 WL 2298964 (6th Cir. Apr. 4, 2019). The Sixth Circuit also denied Petitioner permission to file a second habeas petition. In Re Kissner, No. 18-2242 (6th Cir. Feb. 22, 2019).

Petitioner has again filed a Rule 60(b) motion for relief from judgment (Dkt. 55). The Clerk of the Court is ordered to reopen the case to the Court's active docket for the purpose of facilitating the adjudication of Petitioner's Rule 60(b) motion. See Heximer v. Woods, No. 2:08-CV-14170, 2016 WL 183629, at *2 (E.D. Mich. Jan. 15, 2016); see also Kissner v. Palmer, 2018 WL 5292024, at * 1.

A Rule 60(b) motion for relief from judgment that attempts to advance one or more substantive claims after the denial of a habeas petition—such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied—should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby,

545 U.S. 524, 531 (2005). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532 (footnote omitted). A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4.

Petitioner claims in his Rule 60(b) motion that his state and federal constitutional rights to due process and equal protection were violated where the trial judge refused to appoint counsel for Petitioner during the October 6, 2008 evidentiary hearing on his post-conviction motion for relief for judgment pursuant to MCR 6.505(A) and also violated Petitioner's due process rights by failing to conduct a proper evidentiary hearing. Petitioner claims that he would have been able to establish his actual innocence to the crime if counsel had been appointed and if a proper evidentiary hearing had been conducted.

Petitioner raised this issue in his petition for writ of habeas corpus as his eleventh claim. Kissner v. Palmer, 2016 WL 739989, at * 2. This Court found the claim to have been procedurally

3

defaulted, along with several other claims, and declined to review the claims on the merits for reasons explained more fully in that opinion. Id. at *9-12.

To the extent that Petitioner's Rule 60(b) motion seeks to advance a claim that the Court previously considered and dismissed on substantive, constitutional grounds, the motion amounts to a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). See Post v. Bradshaw, 422 F. 3d 419, 424-425 (6th Cir. 2005). Petitioner's Rule 60(b) motion does not merely attempt to rectify defects in the habeas corpus proceedings, but also appears to reassert the substance of one of his claims, amounting to an impermissible attack on the Court's previous resolution of the claims on the merits. See Henderson v. Collins, 184 F. App'x 518, 523 (6th Cir. 2006). Petitioner's Rule 60(b) motion amounts to the equivalent of a second or successive habeas petition, because the motion attempts to re-litigate a claim that Petitioner previously raised in his prior habeas petition. See In Re Bowling, 422 F. 3d 434, 440 (6th Cir. 2005). In other words, Petitioner's Rule 60(b) motion seeks the vindication of, or advances, a claim because Petitioner is taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition. Post, 422 F. 3d at 424-425.

To the extent that Petitioner is now attempting to raise an independent freestanding actual innocence claim, the proper method for him to do would be through obtaining authorization to file a second or successive § 2254 petition from the Sixth Circuit, not by filing a Rule 60(b) motion with this Court. Haymon v. Lindamood, No. 18-5507, 2018 WL 8335495, at * 2 (6th Cir. Dec. 11, 2018).

Petitioner's current motion for relief from judgment is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization. Accordingly, the Clerk of Court is directed to reopen the case to the Court's active docket and to transfer the motion

for relief from judgment (Dkt. 55) to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

SO ORDERED.

Dated: March 11, 2021                   s/Mark A. Goldsmith
      Detroit, Michigan               MARK A. GOLDSMITH
                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2021.

                                               s/Karri Sandusky
                                               Case Manager