UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KISSNER,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.

_____/

Case No. 10-cv-14759

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) DENYING THE MOTION FOR RELIEF FROM JUDGMENT (Dkt. 60), (2) DENYING THE AMENDED MOTION FOR RELIEF FROM JUDGMENT (Dkt. 61), (3) DENYING THE MOTION FOR AN EVIDENTIARY HEARING (Dkt. 63), (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (5) DENYING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

Before the Court is Petitioner Donald Kissner's Rule 60(b) motion for relief from judgment (Dkt. 60), his amended motion for relief from judgment (Dkt. 61), and his motion for an evidentiary hearing (Dkt. 63). For the reasons that follow, the Court denies the motion.

**I. BACKGROUND**

Over six years ago, the Court denied Petitioner a writ of habeas corpus, declined to issue a certificate of appealability, and granted him leave to appeal in forma pauperis. Kissner v. Palmer, No. 10-cv-14759, 2016 WL 739989 (E.D. Mich. Feb. 25, 2016). The United States Court of Appeals for the Sixth Circuit subsequently denied Petitioner a certificate of appealability and dismissed the appeal. Kissner v. Palmer, 826 F. 3d 898 (6th Cir. 2016); reh. den. No. 16-1320 (6th Cir. Sep. 13, 2016); cert. den. sub nom. Kissner v. Harry, 137 S. Ct. 1081 (2017); reh'g denied, 137 S. Ct. 2112 (2017).

Petitioner then filed a Rule 60(b) motion for relief from judgment. The Court denied in part the motion and transferred it to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. Kissner v. Palmer, No. 10-cv-14759, 2017 WL 3446598 (E.D. Mich. Aug. 11, 2017). The Sixth Circuit denied Petitioner a certificate of appealability regarding the denial of his Rule 60(b) motion. Kissner v. Haas, No. 17-2015, 2018 WL 797450 (6th Cir. Feb. 8, 2018). It also denied Petitioner permission to file a second habeas petition. In Re Kissner, No. 17-1936 (6th Cir. Jan. 9, 2018).

Petitioner filed a second Rule 60(b) motion for relief from judgment. The Court again denied in part the 60(b) motion for relief from judgment and transferred the motion to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. Kissner v. Palmer, No. 10-CV-14759, 2018 WL 5292024 (E.D. Mich. Oct. 25, 2018). The Sixth Circuit denied Petitioner a certificate of appealability regarding the denial of his Rule 60(b) motion. Kissner v. Palmer, No. 18-2356, 2019 WL 2298964 (6th Cir. Apr. 4, 2019). It also denied Petitioner permission to file a second habeas petition. In Re Kissner, No. 18-2242 (6th Cir. Feb. 22, 2019).

Petitioner filed a third Rule 60(b) motion for relief from judgment, which the Court once again transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. Kissner v. Palmer, No. 10-cv-14759, 2021 WL 926277 (E.D. Mich. Mar. 11, 2021). The Sixth Circuit denied Petitioner permission to file a successive petition. In Re Kissner, No. 21-1251 (6th Cir. Aug. 27, 2021).

Petitioner has now filed another Rule 60(b) motion for relief from judgment and an amended motion for relief from judgment. Petitioner also filed a motion for an evidentiary hearing.

2

## II. DISCUSSION

A Rule 60(b) motion for relief from judgment that attempts to advance one or more substantive claims after the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which, pursuant to § 2244(b), requires authorization from the Court of Appeals before filing. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532. A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4.

In his current motion for relief from judgment, Petitioner argues that he is not seeking to raise a new substantive claim for relief or to relitigate the merits of his old claims. Instead, he argues that the Court erred in failing to grant his motion to delete certain claims from his petition.

3

Petitioner also states that the Court erred in refusing to appoint counsel for him or to order an evidentiary hearing on his claims. In addition, Petitioner states that the Court erred in procedurally defaulting several of his claims and in failing to use his claim of actual innocence to excuse the default. Finally, in his amended motion, Petitioner contends that the Court failed to review some of the records pertaining to his ineffective assistance of counsel claim.

To the extent that Petitioner claims that the Court erred in finding certain claims to be procedurally defaulted, this claim does not amount to a successive challenge to his conviction because it is an attack on the defect in the habeas proceedings. See e.g., Franklin v. Jenkins, 839 F.3d 465, 474 (6th Cir. 2016). Petitioner's allegation that the Court erred in failing to conduct an evidentiary hearing likewise is not a second or successive petition because it does not seek to advance a substantive claim. See Mitchell v. Rees, 261 F. App'x. 825, 829 (6th Cir. 2008). The same analysis applies to Petitioner's claim that the Court erred in refusing to appoint counsel or failed to delete certain claims from his petition. Finally, Petitioner's claim that the Court failed to review some of the records before adjudicating his ineffective assistance of counsel claim is also not a successive petition. A Rule 60(b) motion alleging that a district court failed to adjudicate a petitioner's claim, or failed to properly adjudicate the claim, does not constitute a second or successive petition because it too merely challenges a defect in the proceedings. See Tyler v. Anderson, 749 F.3d 499, 508 (6th Cir. 2014).

The Court nonetheless rejects the 60(b) motion and the amended motion because they are untimely. Under Federal Rule of Civil Procedure 60(b), a motion for relief from judgment can be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

4

      (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,

      (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Petitioner's claims fall within subsection (1) of Rule 60(b), based on the Court committing a mistake in procedurally defaulting his claims, failing to appoint counsel or conduct an evidentiary hearing, failing to permit Petitioner to delete some of his claims, or failing to review some of the records prior to rendering a decision. Subsections (2) through (5) do not apply.

"Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." In re G.A.D., Inc., 340 F. 3d 331, 334 (6th Cir. 2003). The Court denied the petition for writ of habeas corpus on February 25, 2016. Petitioner's motion for relief from judgment was signed and dated May 27, 2022 and filed with the Court on June 22, 2022. The amended motion was signed and dated August 9, 2022 and filed with the Court on August 16, 2022. Because Petitioner's Rule 60(b) motion for relief from judgment and the amended motion were filed more than one year after the Court denied the petition for writ of habeas corpus, Petitioner is not entitled to relief from judgment.

The Court recognizes that Petitioner attempts to avail himself of the catch-all provision of subsection (6) of Rule 60(b), but he is unable to obtain relief under this subsection. A litigant who seeks relief under Rule 60(b)(6) must show "extraordinary circumstances" that justify the reopening of a final judgment, "and such circumstances rarely occur in habeas cases." Landrum

5

v. Anderson, 813 F.3d 330, 335 (6th Cir. 2016). More importantly, a motion for relief from judgment may not be brought under Rule 60(b)(6) "if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Mitchell, 261 F. App'x. at 830. Motions for relief from judgment that are subject to the one-year limitations period may not be disguised as motions with a more generous limitations period. See Kalamazoo River Study Grp. v. Rockwell Int'l Corp., 355 F. 3d 574, 588 (6th Cir. 2004). Petitioner's Rule 60(b) motion and the amended motion are based on one of the first three subsections of Rule 60(b), and, therefore, it would be error for the Court to grant Petitioner relief based on 60(b)(6). Mitchell, 261 F. App'x. at 830. The Court denies Petitioner's Rule 60(b) motion and amended motion.

Petitioner also filed a motion for an evidentiary hearing. The Court denies the motion because it is related to Petitioner's argument in his Rule 60(b) motion that the Court erred in failing to conduct an evidentiary hearing his ineffective assistance of counsel claim. Because the 60(b) motion is untimely, the related motion for an evidentiary hearing is untimely as well.

The Court also denies Petitioner a certificate of appealability on the Rule 60(b) motion and the amended motion. In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she makes both a substantial showing that he or she had a valid claim of the denial of a constitutional right and a substantial showing that the district court's procedural ruling is wrong. See United States v. Hardin, 481 F. 3d 924, 926 n.1 (6th Cir. 2007). The Court denies Petitioner a certificate of appealability because jurists of reason would not find the Court's denial of the Rule 60(b) motion, the amended Rule 60(b) motion, or the motion for an evidentiary hearing to be debatable. The Court further

6

concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

### III. CONCLUSION

For the reasons stated above, the Court denies Petitioner's motion for relief from judgment (Dkt. 60), amended motion for relief from judgment (Dkt. 61), and motion for an evidentiary hearing (Dkt. 63). The Court denies Petitioner a certificate of appealability and denies Petitioner leave to appeal in forma pauperis.

SO ORDERED.

Dated: October 13, 2022            s/Mark A. Goldsmith
    Detroit, Michigan           MARK A. GOLDSMITH
                                United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2022.

                                         s/Karri Sandusky
                                         KARRI SANDUSKY
                                         Case Manager